Argued and submitted September 23, 2020; decision of Court of Appeals reversed, and case remanded to Court of Appeals for further proceedings April 8, 2021

Katrina OTNES,
*Petitioner on Review,*

*v.*

PCC STRUCTURALS, INC.,
an Oregon corporation,
*Respondent on Review.*

(CC 16CV32466) (CA A167525) (SC S067165)

484 P3d 1049

Using the trial court's eFiling system, plaintiff submitted a motion for a new trial to the trial court on the last permissible day for filing such a document. The clerk rejected the filing for failure to pay the filing fee. Plaintiff corrected that deficiency the next day, immediately upon notification of the problem, and requested that the filing relate back to the original submission date. The trial court, the Appellate Commissioner, and the Court of Appeals determined that plaintiff's motion was untimely, each on a different basis. *Held*: Plaintiff's motion for a new trial was timely under UTCR 21.080(5).

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

En Banc

On review from the Court of Appeals.*

Matthew J. Kalmanson, Hart Wagner LLP, Portland, argued the cause and filed the briefs for petitioner on review. Also on the briefs was Ruth A. Casby.

Crystal S. Chase, Stoel Rives, Portland, argued the cause and filed the brief for respondent on review. Also on the brief was Karen O'Connor.

NELSON, J.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

_____
* On appeal from Multnomah County Circuit Court, John A. Wittmayer, Judge. 299 Or App 296, 450 P3d 60 (2019).

**NELSON, J.**

Plaintiff submitted a motion for a new trial to the trial court on the last permissible day for filing such a document. The clerk rejected the filing for failure to pay the filing fee. Plaintiff corrected that deficiency the next day, immediately upon notification of the problem, and requested that the filing relate back to the original submission date under Uniform Trial Court Rule (UTCR) 21.080(5).[1] The trial court, the Appellate Commissioner, and the Court of Appeals determined that plaintiff's motion was untimely, each on a different basis. For the reasons we discuss below, we conclude that plaintiff's motion for a new trial was timely under UTCR 21.080(5). We therefore reverse the decision of the Court of Appeals.

The relevant facts are few and undisputed. Plaintiff alleged employment discrimination claims against defendant PCC Structurals, Inc. After a trial, the jury returned a verdict in defendant's favor. The trial court entered a general judgment on January 19, 2018. Under ORCP 64B F(1), plaintiff was permitted to file a motion for a new trial within 10 days of that judgment, by January 29. At 11:31 p.m. on January 29, plaintiff submitted a motion for a new trial through the trial court's electronic filing (eFiling) system. On January 30, 2018, the trial court clerk informed plaintiff that the motion had been rejected because plaintiff had failed to include the applicable filing fee when she submitted the motion. Plaintiff determined that resubmission was permissible under UTCR 21.080(5), which provides, as pertinent here:

> "If the court rejects a document submitted electronically for filing, the electronic filing system will send an email to the filer that explains why the court rejected the document * * *.
>
> "(a)   A filer who resubmits a document within 3 days of the date of rejection under this section may request, as part of the resubmission, that the date of filing of the

---

[1] UTCR 21.080(5) authorizes the trial court to permit the filing date of a document to relate back to the original date that the document was tendered for filing if the trial court clerk rejects the filing and the party cures the deficiency identified by the trial court within three days. We set out UTCR 21.080(5) later in this opinion.

resubmitted document relate back to the date of submission of the original document to meet filing requirements. *** A filer who resubmits a document under this subsection must include:

"(i)   A cover letter that sets out the date of the original submission and the date of rejection and that explains the reason for requesting that the date of filing relate back to the original submission, with the words 'RESUBMISSION OF REJECTED FILING, RELATION-BACK DATE OF FILING REQUESTED' in the subject line of the cover letter[.]"

In accordance with that rule, on January 30, 2018, plaintiff resubmitted the motion with the appropriate fee and a cover letter with the following in the subject line:

"SUBJECT:   'RESUBMISSION OF REJECTED FILING, RELATION-BACK DATE OF FILING REQUESTED' Otnes v. PCC STRUCTURALS, INC. UTCR 21.080(5)"

The body of the letter stated,

"The original submission date of Plaintiff's Motion for a New Trial under ORCP 64B and filing date for this filing was January 29, 2018. UTCR 21.080(5)(a)(i).

"The resubmission of this filing is made on January 30, 2018.

"The filing was rejected because of non-payment of the filing fee, which is now included."

The trial court administrator accepted the corrected motion and related the filing date back to the original date of submission, affixing a filing date stamp of January 29, 2018, to the motion and recording January 29, 2018, as the date of the filing in the court registry.

Defendant filed a response to plaintiff's motion for a new trial, objecting to the motion on the merits. In that response, defendant also objected to plaintiff's request for relation back under UTCR 21.080(5)(b) ("A responding party may object to a request under subsection (a) of this section within the time as provided by law for the type of document being filed."). Defendant argued that plaintiff was not entitled to relation back and, therefore, her motion was untimely:

"The Court should deny plaintiff's request to excuse her untimely submission (which apparently resulted after she attempted to file the motion on January 29, but failed to pay the filing fee) pursuant to UTCR 21.080(5)(a)(i). That rule provides that 'the court may, upon satisfactory proof, permit the filing date of the document to relate back to the date that the eFiler first attempted to file the document to meet filing requirements' *only if* 'the eFiling system [was] temporarily unavailable or if an error in the transmission of the document or other technical problem prevent[ed] the eFiling system from receiving a document.' UTCR 21.080(6). Late filings are generally not excused if they result from '[t]echnical problems with the filer's equipment or attempted transmission within the filer's control.' *Id*. Plaintiff's non-payment of the filing fee was an issue entirely within her control and does not justify, explain or excuse her late filing. Plaintiff's motion should be denied on timeliness grounds alone."

(Emphasis in original.) In other words, notwithstanding that plaintiff had cited UTCR 21.080(5) as her basis for requesting relation back and that defendant acknowledged that fact in the first sentence quoted above, defendant went on to quote from a different subsection of the rule, UTCR 21.080(6), which applies in situations in which the eFiling system is temporarily unavailable or an error in the document or other technical problem prevents the eFiling system from accepting the document.[2] Defendant then went on to argue that the requirements of UTCR 21.080(6) for relation back had not been met. Notably, defendant did not offer any specific reason for denying plaintiff's request under UTCR 21.080(5).

---

[2] UTCR 21.080(6) provides, in pertinent part:

"If the eFiling system is temporarily unavailable or if an error in the transmission of the document or other technical problem prevents the eFiling system from receiving a document the court may, upon satisfactory proof, permit the filing date of the document to relate back to the date that the eFiler first attempted to file the document to meet filing requirements. Technical problems with the filer's equipment or attempted transmission within the filer's control will not generally excuse an untimely filing.

"(a) A filer seeking relation-back of the filing date due to system unavailability or transmission error described in this section must comply with the requirements in subsection (5)(a) of this rule."

In reply and at the hearing on the motion, plaintiff argued that the motion was originally submitted within the proper timeframe but was rejected for nonpayment of the fee, that the trial court rule provides for relation back in that circumstance, and that the requirements for relation back had been met: The filing fee had been paid and the motion was timely resubmitted. Plaintiff also argued at the hearing that the error was due to the failure of the eFiling system to indicate that the fee was required. The trial court denied the motion from the bench, "both because it was untimely under ORCP 64 and UTCR 21.080(6), and on the merits."

Plaintiff filed a notice of appeal within 30 days of the denial of her motion for a new trial, but more than 30 days after the trial court's entry of judgment in her case. Defendant then moved to dismiss the appeal for lack of jurisdiction, arguing that, because the motion for a new trial was untimely, the 30-day period for filing an appeal was not tolled by ORS 19.255(2) (providing that notice of appeal must be filed within 30 days of judgment, but when motion for new trial is filed, party must file notice of appeal within 30 days of disposition of motion for new trial). Therefore, defendant argued, the notice of appeal also was untimely, and the Court of Appeals lacked jurisdiction.

In July 2018, the Appellate Commissioner dismissed plaintiff's appeal. The commissioner first acknowledged that the matter was governed by UTCR 21.080(5), and not UTCR 21.080(6), because the trial court clerk had rejected the motion for new trial and sent plaintiff a notice to that effect. *See* UTCR 21.080(5) ("If the court rejects a document submitted electronically for filing, the electronic filing system will send an email to the filer that explains why the court rejected the document * * *."). The commissioner agreed with plaintiff that, on its face, UTCR 21.080(5) appears to permit relation back if the trial court clerk rejects a filing for any reason, when the party promptly cures the deficiency identified by the clerk in the notice of rejection. However, the commissioner ruled, under ORS 21.100, the trial court has no authority to grant relation back when the deficiency identified as the basis for rejection is the failure to pay a filing fee. ORS 21.100 provides, in relevant part:

"A pleading or other document may be filed by the circuit court only if the filing fee required by law is paid by the person filing the document[.]"

The commissioner reasoned that ORS 21.100 legally bars the trial court clerk from accepting a motion for new trial without the accompanying filing fee, which was the reason for the rejection notice. Here, plaintiff did not tender payment of the filing fee until the 11th day after the date of the entry of judgment, and, according to the commissioner, that date was, therefore, the earliest date that the trial court clerk could lawfully accept the motion for new trial for filing. As that date was outside the 10 days permitted for filing such motions, the motion was untimely. According to the commissioner, the trial court does not have authority to waive the requirements of ORS 21.100, and, therefore, because the motion for new trial was untimely, plaintiff also did not timely file her notice of appeal.

Plaintiff then filed a motion for reconsideration of the Appellate Commissioner's order. In September 2019, the Court of Appeals affirmed the decision of the Appellate Commissioner, on still another basis. The Court of Appeals concluded that, even assuming that ORS 21.100 does not bar relation back under UTCR 21.080(5) when a filing is rejected for nonpayment of a filing fee, the trial court could not be found to have erred, because, in the court's view, plaintiff failed to give a sufficient reason for her request for relation back and thus did not comply with UTCR 21.080(5). That is, according to the court, that rule gives the trial court "discretion to consider the nature of the reason for rejection, the reasonableness of an excuse offered, and the type of document to be filed." *Otnes v. PCC Structurals, Inc.*, 299 Or App 296, 302-03, 450 P3d 60 (2019). The court further stated that the filer must prove that the filing failure is "excusable" or that relation back is "critical," "justified," or "warranted." *Id*. at 303. However, the court stated, plaintiff had offered no such proof:

"She did not *** explain that she had made an error in coding or format. Plaintiff did not suggest that she had tried to pay at the time of filing. She did not explain why relation back was critical or warranted. Instead, plaintiff simply said that she had paid the fee. With only that showing,

plaintiff seemed to expect relation back as an entitlement due to payment."

*Id*. (footnotes omitted). The court thus agreed with defendant that plaintiff had not provided the trial court with any basis upon which to excuse her failure to pay the fee or to justify the court's exercise of discretion to order relation back. Consequently, it concluded that the trial court had not abused its discretion in rejecting plaintiff's request for relation back. *Id*. at 303-04. Finally, the court held that, because the motion for new trial was late, it did not extend the time for filing a notice of appeal after judgment, and, therefore, plaintiff's appeal also was untimely, and the court lacked jurisdiction to entertain it. *Id*. at 304.

We begin by observing that the trial court erroneously based its ruling denying plaintiff's request for relation back on plaintiff's supposed failure to meet the requirements for relation back set out in UTCR 21.080(6). That subsection applies when "the eFiling system is temporarily unavailable or if an error in the transmission of the document or other technical problem prevents the eFiling system from receiving a document." Here, however, plaintiff's filing was received on January 29, but the clerk rejected the filing the following day because the filing fee had not been submitted with the motion. Because the clerk rejected plaintiff's motion, UTCR 21.080(5) is the applicable rule. The trial court thus erred as a matter of law in relying on UTCR 21.080(6) to deny plaintiff's request for relation back,[3] and its ruling must be reversed unless denial of the motion was "right for the wrong reason." *See State v. Edmonds*, 364 Or 410, 415, 435 P3d 752 (2019) ("Under the 'right for the wrong reason' doctrine, a trial court's ruling can be affirmed based on a ground that the trial court did not consider" if certain conditions are met.).

Defendant presses two theories on which this court could find that the trial court's ruling was correct notwithstanding its erroneous reliance on UTCR 21.080(6): (1) the

---

[3] Defendant suggests that plaintiff invited the trial court's error at the hearing by failing forcefully enough to correct defendant's and the court's erroneous application of UTCR 21.080(6) to her request for relation back. Plaintiff cited the correct rule and discussed the correct standards for deciding whether to grant her request. Plaintiff did not invite the error.

Court of Appeals' theory that plaintiff had not provided a sufficient reason for requesting relation back under UTCR 21.080(5), and (2) the Appellate Commissioner's theory that UTCR 21.080(5) does not apply when a document is rejected for failure to pay a filing fee.

As noted, the Court of Appeals held that the trial court could not be said to have abused its discretion in ruling that plaintiff's motion for a new trial was untimely, because plaintiff had not adequately explained reasons justifying or excusing the filing failure, which the court concluded was required by UTCR 21.080(5). As a preliminary matter, we observe that the Court of Appeals erred in reviewing the trial court's ruling for abuse of discretion. The trial court erred as a matter of law in denying plaintiff's motion on the basis of her supposed failure to meet the requirements of UTCR 21.080(6). We turn to consider whether plaintiff met the requirements of UTCR 21.080(5).

Plaintiff asserts that the Court of Appeals erred in holding that UTCR 21.080(5) demands that a person requesting relation back "justify" or "excuse" the filing failure. She contends that the plain wording of the rule requires only that a reason—any reason—be given for the request for relation back, and she provided a reason. She argues further that the adoption history of the rule confirms her understanding that the rule requires relation back as a matter of course unless the opposing party provides a reason for denying it.

In interpreting a provision of the UTCR, we borrow the statutory construction methodology that we apply to statutes. *See Lindell v. Kalugin*, 353 Or 338, 349, 297 P3d 1266 (2013) (to determine the meaning of a court rule, "we apply the precepts that ordinarily apply to the interpretation of statutes and rules"). That is, we discern the meaning of the words used by examining the text of the rule in its context, along with any adoption history that we find relevant, in an effort to give effect to the intent of the body that promulgated the rule. *Id.*; *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining methodology). In the case of the UTCRs, the promulgater of the rule is the Chief Justice of this court. ORS 1.002(1)(a) (the Chief Justice

of the Supreme Court may make rules and issue orders to facilitate its authority as administrative head of the judicial department); Chief Justice Order 12-050 (adopting wording in UTCR 21.080(5) that is at issue in this case).

UTCR 21.080(5)(a)(i) provides that, when a document is rejected for filing, the filer who later resubmits the document must include "[a] cover letter that sets out the date of the original submission and the date of rejection and that explains the reason for requesting that the date of filing relate back to the original submission[.]" Whether the Court of Appeals' reasoning is correct turns on the meaning of the requirement in that rule that a cover letter "explain[] the reason for requesting" relation back.

We begin by examining the text. We observe that the rule does not establish any standard for deciding whether to accept the request for relation back. Unlike UTCR 21.080(6), it does not require a party to provide "satisfactory proof" of the reasons for the request.[4] It does not expressly require a party to explain why the filing failure is excusable or why relation back is critical, justified, or warranted. Indeed, UTCR 21.080(5)(a)(i) does not expressly require even a *good* reason for making the request. Rather, on its face, it appears that any reason at all would suffice to permit the court to grant relation back, including simply explaining that the filing was rejected for nonpayment of an applicable fee and that the fee had been paid.

Turning to context, both the Court of Appeals and defendant find UTCR 21.080(5)(b) relevant. That paragraph provides that a responding party may, within a certain time frame, object to the request for relation back:

> "A responding party may object to a request under subsection (a) of this section within the time limits as provided by law for the type of document being filed. For the purpose of calculating the time for objection provided by law under this subsection, if applicable, the date of filing is the date that the document was resubmitted to the court under subsection (a) of this section."

---

[4] UTCR 21.080(6) provides that a court may permit relation back if "satisfactory proof" is provided that eFiling was unable to be completed due to an error in transmission of the document or other technical problem.

UTCR 21.080(5)(b). The Court of Appeals determined that, because the rule permits objections to relation back, it necessarily gives the trial court discretion to allow or disallow relation back to cure a failed filing. *Otnes*, 299 Or App at 302. The court stated that relation back is not a matter of right, because "the rule gives the trial court discretion to consider the nature of the reason for the objection, the reasonableness of the excuse offered, and the type of document." *Id*. For its part, defendant contends that that paragraph confirms that relation back is not automatic. Defendant argues that the inclusion of the opponent's right to object shows that the Chief Justice intended to require the requesting party to explain why relation back is critical, justified, or warranted, because, without such a requirement, the opposing party's opportunity to object would be meaningless. We disagree that the opportunity for objecting means that a requester is not entitled to relation back as a matter of course if he or she meets the requirements of UTCR 21.080(5).

Although UTCR 21.080(5)(b) does provide an opportunity for the opposing party to provide a reason for denying the request for relation back, nothing in the text or context of the rule describes the nature of the objections that can be made. And, as we have said, on its face, UTCR 21.080(5)(a) appears to permit relation back as long as any reason at all is given for the request. It does not require the requestor to prove that he or she is blameless in the filing failure. The Court of Appeals' view that the inclusion of a right to object gives the trial court discretion to consider the "nature of the reason for the objection [or] the reasonableness of the excuse offered" is, thus, at odds with the text of UTCR 21.080(5)(a). Moreover, we observe that UTCR 21.080(5)(a) does not require the requester to prove that the statements made in the cover letter are correct or even to attest to their veracity. In those circumstances, the purpose of providing an opportunity to object may simply be to permit the opposing party to dispute whether the requirements of UTCR 21.080(5), such as they are, have been met—namely, that the document was refiled within three days and the deficiency was corrected. In that situation, an opponent's right to object would not be meaningless.

Finally, an interpretation of UTCR 21.080(5) that requires a filer to establish that the filing failure was "excusable" or that relation back is "critical," "justified," or "warranted" would necessarily also require the court to reject any request for relation back that does not rise to that standard, whether the opposing party objects or not. Nothing in the rule gives the court that authority. And, as we have stated, the rule does not expressly require even a good reason for requesting relation back.

Examination of the adoption history of UTCR 21.080(5) does not change our view, based on our consideration of text and context, that the rule permits relation back if any reason at all is given. The parties agree that the 2008 version of UTCR 21.080(5) unambiguously provided for automatic relation back of rejected electronic filings upon timely resubmission.[5] UTCR 21.080(5) (2008) provided:

> "If the court rejects a document submitted electronically for filing, the court will affix the date and time of rejection on the document and return the document to the filer with a notice that explains why the court rejected the document. The court may require a filer to resubmit the document to meet the filing requirements. *If the court requires a filer to resubmit the document, the date and time of filing of the resubmitted document relates back to the date and time of the filing of the original document.* The court may, by order, strike the document from the court's file in the action if the filer receives notice from the court and does not resubmit the document within the time period specified by the court."

(Emphasis added.) As set out in the emphasized passage, if the court required resubmission because a document was rejected, "the date and time of filing of the resubmitted document relates back to the date and time of the filing of the original document."

The rule was amended in 2011, as relevant here, to provide a time frame for resubmission of the rejected document, but the 2011 version continued to provide for automatic relation back:

---

[5] Before 2008, electronic filing did not exist.

"If the court rejects a document submitted electronically for filing, the court will affix the date and time of rejection on the document and electronically return the document to the filer with a notice to all parties who have been provided notice of filing under UTCR 21.100(2) that explains why the court rejected the document. The court may give a filer the opportunity to resubmit the document within 3 days of the day and time of rejection to meet the filing requirements. *If the court gives a filer the opportunity to resubmit the document and the filer does so within the time allowed, the date and time of filing of the resubmitted document relates back to the date and time of the filing of the original document* and the time to respond is extended by the number of full or partial elapsed days from the time of the rejection notice to the time of the resubmission of the document to the court. The court may, by order, strike the document from the court's file in the action if the filer receives notice from the court and does not resubmit the document within the time period specified by the court."

UTCR 21.080(5) (2011) (emphasis added).

In 2012, UTCR 21.080(5) was amended to adopt its present wording, requiring a party to request relation back and to do so in a cover letter "that explains the reason" for requesting relation back. Chief Justice Order 12-050.[6] Defendant argues that the background to the 2012 amendments—specifically, statements in certain emails and memoranda by a member of the Law and Policy Work Group who helped draft the proposed amendments—reflect the Chief Justice's intention to require a party requesting relation back to provide "good cause" for doing so in the cover letter explaining the reason for relation back. In support of that argument, defendant points to two statements in the rule's adoption history. In one, the minutes from the May 31, 2012, workgroup meeting state that "[i]t was suggested that the rule more closely reflect the similar rule in the appellate system, which allows relation-back only upon request and a showing of good cause." In another, an email from one of the workgroup members stated that the group had

---

[6] UTCR 21.080 was amended again in 2014, in ways not relevant to our resolution of this case. Chief Justice Order 14-049.

> "talked about narrowing the rule so that a party must request a 3-day relation-back (for instances in which the filed date mattered) & that a court would decide the request (submitted in letter form) as part of resolving the merits of the underlying document. We also discussed that a responding party could object to the relation-back request, and we generally discussed the 'time for response' rules set out in the ORCPs."

Those statements do not persuade us that the Chief Justice intended to require a filer to prove that good cause exists for permitting relation back. For one thing, no requirement that a party establish the existence of good cause for relation back ultimately was included in the amended rule. Moreover, defendant concedes that the adoption history contains no substantive discussion of the proposed requirement in subsection (5)(a) requiring a party to explain the reason for the relation-back request.

Defendant nonetheless contends that relation back was no longer automatic after the 2012 amendments. We disagree. It is true that, unlike in the earlier versions of the rule, the 2012 amendments required parties to specifically request relation back by attaching a cover letter that included the words "RESUBMISSION OF REJECTED FILING, RELATION-BACK DATE OF FILING REQUESTED" in the subject line and that "explain[ed] the reason" for requesting relation back. In addition, from 2012 on, as we have discussed, an opposing party has had the right to object to the request for relation back. However, the adoption history of the rule suggests that those changes were intended to provide clarity to the trial court as to when relation back was needed and to simplify the process for filers and the courts, because, in most instances, the date the document is entered is not critical and, in the absence of a relation back request, the filing date would be the date that a document was resubmitted to the court and not the date that it was originally submitted. Nothing that defendant has pointed to in the adoption history suggests that the workgroup intended to or did incorporate the concept of a "good cause" showing in the text of UTCR 21.080(5). Nor do we find anything in the adoption history to suggest an intent to give the trial court discretion to deny requests for relation back.

In short, we conclude that nothing in the text, context, or adoption history of UTCR 21.080(5) suggests that, in requiring the filer to timely request relation back, and in permitting the opposing party to object, the Chief Justice intended that section to require a filer to provide good cause for requesting relation back.

As noted, defendant also contends, alternatively, that, even if plaintiff's cover letter was sufficient to satisfy the requirements of UTCR 21.080(5), relation back is not available when the reason for the rejection of the filing was the failure to pay a required filing fee. Defendant adopts the reasoning of the Appellate Commissioner to argue that UTCR 21.080(5) cannot grant a trial court authority to permit the filing date of a document to relate back to the original date that the document was tendered for filing if the document was not originally accompanied by the required filing fee, because, under ORS 21.100, a document is not "filed" until the filing fee is paid.

To repeat, ORS 21.100 provides, in relevant part:

> "A pleading or other document may be filed by the circuit court only if the filing fee required by law is paid by the person filing the document[.]"

Defendant argues that the plain text of that statute bars the trial court clerk from legally accepting a document for which a filing fee is required by law until the party submitting the document tenders payment of the filing fee. In addition, it points out that ORS 21.200(1)(c) requires a filing fee for motions for a new trial, and ORS 21.200(4) provides that "[t]he clerk shall file a motion or response that is subject to a fee under this section only if the fee required by this section is paid when the motion or response is submitted for filing."

Defendant explains that, under ORS 1.002(1) and (4), the uniform trial court rules promulgated by the Chief Justice must be "consistent with" applicable provisions of law. Here, defendant contends, ORS 21.100 and ORS 21.200 (1)(c) are two such provisions of applicable law. Therefore, it argues, UTCR 21.080(5), which permits the clerk to relate the filing date of a rejected document back to the date it was submitted if the deficiency is cured within three days of the

filer receiving notice of the deficiency, cannot confer authority on the clerk to "file" any document that was rejected for failure to pay the filing fee on any date before the fee was paid.

Defendant is correct that ORS 21.100 and ORS 21.200(4) require payment of the appropriate filing fee as a condition for the trial court's acceptance of a document for "filing." However, we disagree with defendant's characterization of the court rules as permitting the trial court to legally accept a document for filing without payment of a required fee. In fact, UTCR 21.050(1) incorporates and implements the requirement of fee payment as a condition of filing in the electronic filing context; that rule provides that "a filer must pay the fee for filing a document electronically at the time of electronic filing." And UTCR 21.080(5) applies to *rejected* filings, including those that are rejected because of nonpayment of fees.[7]

It does not follow from the fact that a clerk cannot accept a filing without a fee that a filing cannot relate back to the original submission date once the fee is paid. Neither ORS 21.100 nor ORS 21.200 address relation back, and neither statute prohibits application of that doctrine when payment of a required fee is received. As we have explained, UTCR 21.080(5)(a) provides a three-day grace period to cure a filing error. That rule is not inconsistent with ORS 21.100, which merely provides that the court clerk may not accomplish the legal act of filing a document until payment is received. ORS 21.100 is silent as to the date of filing. It does not establish a deadline for filing. It does not impose a time limitation for the receipt of payment. And it does not address what relief may be granted when an attempted filing is delayed because of a payment error. In short, nothing in ORS 21.100 prohibits, allows, or even addresses relating back a filing date to meet a time restriction or deadline.

Plaintiff's electronic submission of the motion for a new trial was received by the trial court on January 29,

---

[7] *See* Oregon Judicial Department Policy and Standards for Acceptance of Electronic Filings in the Oregon Circuit Courts § (2)(f) (2015) (circuit court will reject a filing if a party fails to pay any fee for a filing that requires a specific statutory filing fee).

2018. But, consistent with ORS 21.100 and UTCR 21.050, it was not accepted for "filing" that day because of plaintiff's failure to pay the filing fee. In permitting relation back after plaintiff paid the filing fee within the three-day grace period, UTCR 21.080(5) permitted the constructive alteration of the date of "filing" to reflect the date of the original attempted filing. It did not permit the trial court to "file" plaintiff's motion before the fee was paid in violation of ORS 21.100.

To summarize, we hold that ORS 21.100 does not render relation back unavailable when the reason that a document was rejected was the nonpayment of a required fee. We also hold that, in requiring a filer to "explain the reason" for requesting relation back, the rule merely requires the filer to provide a reason for the request. Plaintiff explained that she was requesting relation back because her motion for a new trial had been rejected for filing because of a failure to pay the filing fee and the filing fee had been paid. That explanation was sufficient to comply with the requirements of UTCR 21.080(5), and Court of Appeals erred in holding that it was not. Defendant objected to plaintiff's request for relation back under UTCR 21.080(6), but it did not provide any reason for objecting under UTCR 21.080(5). Therefore, the trial court erred in ruling in defendant's favor and denying plaintiff's request.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.